18-1491-cv
*Rose v. City of Utica*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

CHRISTINE ALMAS ROSE, individually and as mother of Jessie Lee Rose, MICHAEL J. ROSE, individually and as father of Jessie Lee Rose, and as the administrator of the estate of Jessie Lee Rose,

> *Plaintiffs-Appellants*,

> v.                                                    No. 18-1491-cv

CITY OF UTICA, OFFICER ANTHONY ELLIS, individually and as a police officer of the City of Utica,

> *Defendants-Appellees*,

UTICA POLICE DEPARTMENT,

> *Defendant.*[*]

---

[*] The Clerk of Court is directed to amend the caption as shown above.

1

For Plaintiffs-Appellants:            WOODRUFF LEE CARROLL, Woodruff Carroll
                                      P.C., Syracuse, NY.

For Defendants-Appellees:             ZACHARY C. OREN, First Assistant Corporation
                                      Counsel, Utica, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Christine and Michael Rose appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*) entered in favor of the City of Utica and Officer Anthony Ellis on April 19, 2018, granting defendants' motion for summary judgment and dismissing plaintiffs' claims arising under 42 U.S.C. § 1983 in connection with a police shooting that took place on July 14, 2013. The district court held in relevant part that it was not clearly established at the time of the shooting that a police officer could not lawfully use deadly force against an armed individual who (1) had reportedly been firing a shotgun inside a public park, (2) did not react to an approaching officer's command to drop his weapon, and (3) turned toward the officer while still holding the shotgun in his hands. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Qualified immunity protects public officials from suit under 42 U.S.C. § 1983 unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015); *see also White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) ("Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.").[1] The Fourth Amendment "guarantees citizens the right to be secure in their persons against unreasonable seizures," *Graham v. Connor*, 490 U.S. 386, 394 (1989), including the use of deadly force unless they "pose[] a threat of serious physical harm" to others, *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). But while "[t]he right to be free from the use of excessive force [under the Fourth Amendment] has long been clearly established," *Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000), "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate," *Sheehan*, 135 S. Ct. at 1774. This standard "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.*

On the undisputed facts, it was objectively reasonable for Ellis to believe that Rose posed a threat of serious physical harm to others. Existing case law supports defendants' position that an officer is entitled to use deadly force when an armed individual fails to comply with an order to put down a weapon and moves in what the officer reasonably perceives to be a threatening manner. *See, e.g.*, *Fortunati v. Campagne*, 681 F. Supp. 2d 528, 539 (D. Vt. 2009), *aff'd sub nom. Fortunati v. Vermont*, 503 F. App'x 78 (2d Cir. 2012) (summary order); *Greenwald v. Town of Rocky Hill*, 3:09-cv-211, 2011 WL 4915165, at *8-9 (D. Conn. Oct. 17, 2011); *see also Sheehan*, 135 S. Ct. at 1775.[2]

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

[2] Plaintiffs also argue that Ellis did not follow the police department's de-escalation policies. But whether Ellis followed the policies or not is irrelevant to whether, at the time he fired

Jessie Rose's death was a tragedy. But the question before us is whether, taking the facts in the light most favorable to the plaintiffs, Officer Ellis violated clearly established law. He did not.

We have considered all of plaintiffs' other contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court in favor of defendants is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

the shots, Ellis was acting reasonably under the Constitution. *See Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996) (defendant's "various violations of police procedure . . . leading up to the shooting are irrelevant to the objective reasonableness of his conduct at the moment he decided to employ deadly force").